IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GABRIEL HALL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Civil Case No. 4:24-cv-627 |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | CAPITAL CASE |
| Correctional Institutions Division, | § | |
| Huntsville, Texas; | § | |
| | § | |
| Respondent. | § | |

**OPPOSED MOTION TO COMPEL THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE TO ENSURE MR. HALL IS UNCUFFED DURING EXPERT EVALUATION**

Gabriel Hall respectfully requests that this Court order the Texas Department of Criminal Justice (TDCJ) to ensure his wrists are uncuffed during his scheduled expert evaluation. The retained expert, Dr. Daniel Mruzek, plans to evaluate Mr. Hall at the Polunsky Unit (Polunsky) in preparation for Mr. Hall's filing of his Petition for federal habeas corpus relief (Petition) by February 6, 2025. The Respondent is opposed to this motion. In support thereof, Mr. Hall shows the following.

1

Mr. Hall was sentenced to death in 2015 in the 272nd Judicial District Court of Brazos County, Texas. He has completed his state direct appeal and habeas, which were each denied. *Hall v. State*, 663 S.W.3d 15 (Tex. Crim. App. 2021); *Ex Parte Gabriel Paul Hall*, No. WR-86,568-01 (Tex. Crim. App. Feb. 7, 2024). He intends to file a Petition challenging the constitutionality of his conviction and death sentence.

## ISSUE STATEMENT AND STANDARD OF REVIEW

In preparation for his Petition, Mr. Hall has retained psychologist Dr. Mruzek to evaluate whether he is a person with Autism Spectrum Disorder (ASD). Based on counsel's review, no evaluation for this diagnosis was conducted prior to Mr. Hall's capital trial.

Dr. Mruzek anticipates requiring two days to complete his evaluation. He is currently scheduled to evaluate Mr. Hall at Polunsky on October 3 and 4, 2024.[1] TDCJ approved Dr. Mruzek as an expert to visit Mr. Hall following its review of Dr. Mruzek's accreditations as a licensed psychologist and his

---

[1] Dr. Mruzek could not schedule his visit further in advance because Polunsky will not accept visit requests more than thirty days out and thereafter must approve admittance of testing materials before scheduling an expert visit. To the extent the Court is unable to resolve Mr. Hall's request before October 3, 2024, he requests an Order for his wrists to be uncuffed for a two-day evaluation by Dr. Mruzek when it is rescheduled.

2

temporary Texas psychologist license. His evaluation will occur in Polunsky's contact visitation room.

Dr. Mruzek's evaluation will require Mr. Hall to manipulate items as part of a psychological measure. *See* Exhibit A. His evaluation also requires that he observe Mr. Hall's movements during social interactions. *Id*. He therefore requests that Mr. Hall's wrists be uncuffed during his evaluation. The evaluation does not require that Mr. Hall's ankles be uncuffed; his request is therefore limited to wrist cuffing only.

For years, TDCJ permitted removal of handcuffs during an expert visit at an expert's request. Beginning in 2021, TDCJ now declines to remove handcuffs from a death-sentenced person during expert visits absent court order. Despite this change in practice, TDCJ's written policies remain unchanged. Exhibit B.

Mr. Hall respectfully requests that the Court order TDCJ to ensure that his wrists are uncuffed during Dr. Mruzek's evaluation. Doing so would enable the best assessment of Mr. Hall's functioning and attendant claims. It would also conserve resources by furthering counsel's pre-Petition assessment of potential claims. Moreover, the results of Dr. Mruzek's evaluation may be relevant to this Court's cause and prejudice analysis should Respondent choose to assert that any of the ultimately filed claims are procedurally defaulted. *See Williams v. Taylor*, 529 U.S. 420, 436–37 (2000). Mr. Hall is entitled to an

3

uncuffing order because evidence that Mr. Hall is a person with ASD "*could* be legally considered" in the ensuing proceeding. *See Shoop v. Twyford*, 596 U.S. 811, 820 (2022) (emphasis added).

## ARGUMENT

### I. The Court has authority to order that TDCJ uncuff Mr. Hall's wrists for the scheduled expert visit.

When a federal habeas petition is pending, the court has jurisdiction to provide funds for expert and investigative services once reasonable necessity is shown. *McFarland v. Scott*, 512 U.S. 849, 854 (1994). And in this posture, courts hold the ancillary jurisdiction necessary to effectuate these services. *See id.* at 859. Investigative and expert assistance are typically "critical in the preapplication phase of a habeas corpus proceeding" because this is "when possible claims and their factual bases are researched and identified." *Id.* at 855; c.*f.*, *Ayestas v. Davis*, 584 U.S. 28, 46–47 (2018) (finding pre-petition funding to be reasonably necessary where petitioner "articulat[es] specific reasons why the services are warranted" and demonstrates the underlying claim "is at least plausible" (internal quotation marks omitted)). The All Writs Act, which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), augments this authority. Taken

4

together, it is axiomatic that courts have authority to order not only sought services, but the manner and conditions of examinations by retained experts.

The scope of the Court's authority dovetails with federal habeas counsel's "obligation to conduct thorough and independent investigations," including "a full examination of the defense provided to the client at all prior phases of the case." ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.7 (rev. ed. 2003), reprinted in 31 Hofstra L. Rev. 913 (2003); *see also Rompilla v. Beard*, 545 U.S. 374, 387 n.7 (2005) (citing Guideline 10.7 for counsel's thorough investigation duty). In many instances, counsel cannot fulfill this duty without resorting to appropriate experts. *See, e.g.*, *Ayestas*, 584 U.S. at 43-44. The uncuffing order Mr. Hall seeks is appropriate to fulfill counsel's obligations. *See Twyford*, 596 U.S. at 821–22.

## II. An order for TDCJ to uncuff Mr. Hall during Dr. Mruzek's expert evaluation aims to develop evidence that the Court could consider.

Dr. Mruzek's testing for ASD is directed towards evidence that is germane to these habeas proceedings. The need for testing is based both on counsel's and Dr. Mruzek's review of Mr. Hall's records (which include evidence of Mr. Hall's "[d]ifficulty with interpersonal skills and poor eye contact" and suggested abnormal central nervous system development), *see* Exhibit A at 2, as well as counsel's review of state proceedings. Dr. Mruzek outlines three

reasons why it is important that Mr. Hall be uncuffed for the ASD evaluation. Exhibit A at 2. Moreover, Respondent has recognized that uncuffing appropriately aids accurate testing results in similar situations. *See*, *e.g.*, Respondent's Motion to Compel, *Panetti v. Lumpkin*, No. 1:04-cv-00042 (W.D. Tex. June 29, 2022), ECF No. 264 ("Respondent's expert has communicated to Respondent's counsel that his evaluation may require Panetti to have free use of his hands to complete the evaluation"); Respondent's Unopposed Motion to Compel, *Washington v. Lumpkin*, No. 4:07-cv-721 (S.D. Tex. Feb. 15, 2022), ECF No. 226 (same).

If Mr. Hall is diagnosed with ASD, he anticipates arguing that trial counsel was ineffective for failing to investigate the diagnosis despite existing red flags. *See Andrus v. Texas*, 590 U.S. 806, 816–17 (2020). Mr. Hall has not previously alleged ineffective assistance of trial counsel based on failure to investigate ASD. If Respondent argues that this allegation would be procedurally defaulted, this Court may nonetheless consider evidence developed from Dr. Mruzek's expert evaluation to determine whether Mr. Hall has established cause and prejudice. *Mullis v. Lumpkin*, 70 F.4th 906, 910 (5th Cir. 2023) ("Evidence outside the state record may be considered when assessing a *Martinez* claim"). And courts should ordinarily resolve procedural default questions before proceeding further. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997) ("Our opinions . . . certainly suggest that the procedural-bar

6

issue should ordinarily be considered first"), *citing Coleman v. Thompson*, 501 U.S. 722 (1991).

Indeed, state habeas counsel appears to have not adequately investigated Mr. Hall's mental health and intellectual functioning as required at all stages of a capital proceeding. *See Martinez v. Ryan*, 566 U.S. 1, 11–12 (2012) ("Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy"). Of the seven claims that state habeas counsel raised, the CCA determined that five were procedurally defaulted and a sixth was not cognizable on habeas. *Ex Parte Gabriel Paul Hall*, 4–5, No. WR-86,568-01 (Tex. Crim. App. Feb. 7, 2024). As a result, Mr. Hall anticipates arguing in his Petition that state habeas counsel's ineffectiveness establishes cause to excuse an otherwise defaulted claim. *Martinez*, 566 U.S. at 13–14 (2012); *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (finding *Martinez* cause and default analysis applicable to Texas habeas litigants); *Mullis*, 70 F.4th at 911 ("evidence outside the state record is admissible in *Martinez* claims for the limited purpose of establishing an excuse for procedural default").

State proceedings also raise questions as to whether lead trial counsel's "professional, pecuniary, and reputation[al conflict of] interest" caused him to obfuscate the bases for additional *Strickland* claims in his communications with habeas counsel. Motion to Find Applicant's Right to Due Process in This

7

Proceeding Was Violated Due to Article 26.052 of the Texas Code of Criminal Procedure, *Ex parte Gabriel Paul Hall* (Brazos Cty. Dist. Ct. March 18, 2023).[2] Evidence suggesting this conflict surfaced in lead counsel's comments to the trial court after Mr. Hall's state habeas evidentiary hearing. *See, e.g.*, Order on Motion for Leave to File a Petition for Writ of Mandamus in Cause No. 11-06185-CRF-272 in the 272nd Judicial District Court Brazos County, *In re Gabriel Hall*, No. WR-86,568-02, at *2 (Tex. Crim. App. July 28, 2023).

The extent of lead counsel's obfuscations and state habeas counsel's reliance thereon would be relevant to two issues: (1) cause/prejudice for procedural default, and (2) whether resultingly state habeas counsel was at fault for failing to develop evidence of a *Strickland* claim related to ASD. *See Banks v. Dretke*, 540 U.S. 668, 694 (2004) (describing reasonableness of trial counsel's reliance on false representations by prosecutor, as prosecutors "would not stoop to improper litigation conduct"); *Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("[Defense c]ounsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest"); 28 U.S.C. § 2254(e)(2). The results of Dr. Mruzek's evaluation are potentially pertinent to these inquiries.

---

[2] Mr. Hall's Petition for Writ of Certiorari to the United States Supreme Court on this matter remains pending. Petition for Certiorari, *Hall v. Texas*, No. 23-7448 (May 7, 2024).

Mr. Hall has identified multiple avenues where this Court might ultimately consider an ASD diagnosis. He is correspondingly entitled to the sought order that his wrists be uncuffed for Dr. Mruzek's evaluation.

## III. A pre-Petition order furthers the finality interests emphasized in *Twyford*.

Mr. Hall's efforts to conduct testing under proper conditions while preparing his Petition would focus and streamline litigation. In *Twyford*, the petitioner did not move for a medical transport until fifteen years after filing his initial § 2254 petition. *See* Petition for Writ of Habeas Corpus, *Twyford v. Warden*, No. 2:03-cv-00906 (S.D. Ohio. Oct. 6, 2003), ECF No. 13; Motion for Leave to File Motion to Transport for Medical Testing, and Accompanying Exhibits, *Twyford v. Warden*, No. 2:03-cv-00906 (S.D. Ohio. Nov. 21, 2018), ECF No. 101. After this passage of time, the *Twyford* Court was concerned that granting petitioner's motion would "'needlessly prolong'" habeas litigation and disrupt state finality interests. *Twyford*, 596 U.S. at 821.

But granting Mr. Hall's request will not delay proceedings. He scheduled this examination with ample time prior to his Petition deadline and filed this motion the day TDCJ confirmed Dr. Mruzek's visitation dates. As a result, granting this motion would not affect the time it takes to resolve Mr. Hall's Petition. Denying Mr. Hall's request would instead delay any arguments regarding the effect of constricting conditions on testing for another day.

9

On other occasions, Respondent has taken the position that uncuffing for testing is appropriate and available in a pre-Petition posture. *See, e.g.*, Appellee's Brief at 16 n.10, *Beatty v. Lumpkin*, No. 22-70010 (5th Cir. Oct. 28, 2022), ECF No. 30 (averring, post-*Twyford*, that an uncuffing order was proper "where there is active litigation and the evidence produced may be properly considered by the court"). And Respondent has similarly requested court orders to uncuff prisoners for testing on multiple prior occasions. *See, e.g.*, Respondent's Motion to Compel, *Panetti v. Lumpkin*, No. 1:04-cv-00042 (W.D. Tex. June 29, 2022), ECF No. 264; Director's Unopposed Motion to Compel, *Washington v. Lumpkin*, No. 4:07-cv-721 (S.D. Tex. Feb. 15, 2022); Order Granting Second Unopposed Motion for Temporary Unshackling, *Ricks v. Lumpkin,* No. 4:30-cv-1299 (N.D. Tex. April 19, 2022); Order Granting Unopposed Motion for Temporary Unshackling, *Ricks v. Lumpkin,* No. 4:30-cv-1299 (N.D. Tex. March 4, 2022). Respondent's position by contrast would prolong rather than streamline the litigation.

## CONCLUSION

Mr. Hall has demonstrated that an order compelling TDCJ to ensure his wrists are uncuffed during Dr. Mruzek's two-day evaluation will appropriately aid his pending Petition. Further expediency and efficiency concerns weigh in favor of granting this relief.

Dated this 9th day of September, 2024.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS (TX 24084578)
Supervisor, Capital Habeas Unit

/s/ Rachel G. Schaefer
Rachel G. Schaefer
* Counsel of Record
State Bar Number: TX 24140659
Southern District ID Number: CA298354
Assistant Federal Public Defender

Joe Hamrick (FL 47049)
Assistant Federal Public Defender

Adriana Victoria Inojosa (VA 94813)
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
rachel_schaefer@fd.org

COUNSEL FOR GABRIEL HALL

## CERTIFICATE OF CONFERENCE

Rachel G. Schaefer, counsel for Mr. Hall, conferred with opposing counsel, Jacey Winget of the Texas Office of the Attorney General on August 26 and 27, 2024, via email. Ms. Winget stated that she is opposed to this motion.

/s/ Rachel G. Schaefer
Counsel for Gabriel Hall

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, a true and correct copy of the foregoing document was filed in the CM/ECF system, which will serve the following counsel of record in this case:

Jacey Winget
Office of the Attorney General
Criminal Appeals Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1400
jacey.winget@oag.texas.gov

/s/ Rachel G. Schaefer
Counsel for Gabriel Hall

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GABRIEL HALL,<br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Huntsville, Texas;<br><br>Respondent. | §§§§§§§§§§§§§§ | Civil Case No. 4:24-cv-627<br><br>CAPITAL CASE |

**ORDER GRANTING MOTION TO COMPEL THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE TO ENSURE MR. HALL IS UNCUFFED DURING EXPERT EVALUATION**

Petitioner Gabriel Hall's motion is hereby **GRANTED.** The Texas Department of Criminal Justice (TDCJ) is ordered to ensure that Mr. Hall's wrists are uncuffed during Dr. Daniel Mruzek's two-day evaluation on October 3 and 4, 2024.

Case 4:24-cv-00627   Document 11   Filed on 09/09/24 in TXSD   Page 14 of 14

If this Order is issued on or after October 3, 2024, TDCJ will ensure that Mr. Hall's wrists are uncuffed during Dr. Mruzek's two-day evaluation on the dates for which his evaluation is subsequently rescheduled.

**SIGNED** on this \_\_\_\_\_ day of _____, 2024.

_____
George C. Hanks, Jr.
United States District Judge